WALTON & WALTON, LLP
L. RICHARD WALTON (SBN 226703)
   RWalton@taxtriallawyers.com
MASAI McDOUGALL (SBN 305031)
   MMcDougall@taxtriallawyers.com
4640 Admiralty Way, 5th Floor
Marina del Rey, California 90292
Telephone: (310) 496-5835
Facsimile: (310) 464-3057

*Attorneys for Defendant A. Nathan Dawood
And Dawood and Company*

# UNITED STATES DISTRICT COURT

# FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAPE SOCIETY SUPPLY CORP., a California Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>TARIQ JIHAD ZEIADEH, an individual and dba TJZ Enterprises, NATHAN AZIZ DAWOOD, an individual and dba Dawood and Dawood, WEST COAST VAPE SUPPLY, INC., a California corporatin, ALHAM NABEEH BENYAMEEN, an individual, ANDY MICHAEL IBRAHIM, an individual, AKRAM NASER DIAB, an individual,<br><br>    Defendants. | Case No. 8:16-cv-01971-AG (DFMx)<br><br>*Assigned for all purposes to the Honorable Andrew Guilford*<br><br>**DEFENDANT A. NATHAN DAWOOD AND DAWOOD COMPANY'S OPPOSITION TO PLAINTIFF VAPE SOCIETY SUPPLY CORP.'s REQUEST FOR PRELIMINARY INJUNCTION**<br><br>Date:   January 9, 2017<br>Time:  10:00 A.M.<br>Dept.:  10D<br><br>Date Action Filed: October 29, 2016 |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant A. Nathan Dawood has no access or control over any of the property sought in Plaintiff's Request for Preliminary Injunction. Even if he did, Plaintiff's Request is wholly lacking in evidentiary foundation and legal precedent. Plaintiff's Request should be denied.

1

## I. **INTRODUCTION**

Mr. A. Nathan Dawood provides legal document and self-help assistance to individuals seeking to incorporate or more effectively organize their business. Mr. Dawood helped Mr. Zeiadeh draft documents intended to memorialize a potential incorporation of Zeiadeh's business. Dawood's relationship with Zeiadeh was limited to helping him draft these documents. Dawood has no access to Zeiadeh's website and Plaintiff has submitted no evidence to suggest that Dawood had anything to do with the facts leading to the instant dispute.

## II. **FACTS**

Mr. Dawood met Mr. Zeiadeh in the summer of 2016. (Dawood Decl. ¶ 3). Mr. Dawood provided Zeiadeh with a set of template bylaws for use by a corporation he contemplated forming with Mr. Ala Abufarie, "Vape Society Supply Corp." (Id. ¶ 4). Mr. Dawood has no access to Mr. Zeiadeh's website or any of its component parts. (Id. ¶ 5).

## III. **ARGUMENT**

A preliminary injunction is intended to preserve the *status quo* pending a full determination on the merits, and requires a "clear showing" of a likelihood of success. (Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*citing* 11A C. *Wright, A. Miller, & M. Kane*, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)). A request for injunctive relief that seeks to <u>change</u> the *status quo*, however, is subject to a much higher standard of proof. (Dahl v. HEM Pharmaceuticals, 7th F.3d 1399, 1403 (9th Cir. 1993) (injunctive relief requesting affirmative conduct is actually a "mandatory injunction," and is subject to "heightened scrutiny.")

Although Mr. Dawood has no real involvement with the instant dispute, since he is named as an interested party in Plaintiff's request for preliminary injunction, he is obliged to respond as follows. Plaintiff is not likely to succeed on the merits of its case because:

OPPOSITION OF A. NATHAN DAWOOD'S TO PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION

A. The only evidence submitted in favor of the existence of a partnership is Abufarie's oral testimony and a forged fictitious business name statement (*see* Plaintiff's Exh. 4).

B. Zeiadeh purchased the domain name, the trademarks, and the copyrights with his own funds, used that material to generate the trade secrets contained in his Shopify account, and no evidence has been submitted to show that Zeiadeh ever transferred any of this property;

C. Plaintiff's copyright registration is based on "work-for-hire" assignments demonstrating that Zeiadeh obtained all rights to these employees' works during the time in which he paid them, which continued to do until at least August 2016 (one year and three months) (Declaration of Tariq Zeiadeh ("Zeiadeh Decl.") ¶ 6, Exh. F and G);

D. Abufarie's Declaration is not credible. He states that he purchased over $100,000 worth of inventory from West Coast Vape Supply in one month, when in fact he has not purchased this amount of inventory from West Coast Vape Supply during the course of their entire relationship. (Ibrahim Decl. ¶ 4, Exh. Q);

E. Abufarie also states that he contributed $100,000 worth of inventory to a general partnership with Zeiadeh, but he has not provided any evidence of this contribution, and Mr. Akram Diab believes Abufarie's vaping inventory was worth possibly $10,000 around the time that Abufarie claims to have conveyed it. (Diab Decl. ¶¶ 5-6; Abufarie Decl. ¶ 68). Instead, Abufarie claims to have a piece of paper that memorializes his contributions to the partnership, but does not include it in his submission;

F. Plaintiff claims that it received title to all of the property at issue here merely by virtue of incorporating. (Abufarie Decl. ¶ 92). Transfers of title cannot occur without an actual conveyance. Plaintiff submits no evidence showing how that transfer occurred;

//

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

G. Plaintiff claims that West Coast Vape Supply improperly contacted people who never visited the site, but the Declaration submitted in support of the theory is also false. (*See* Benyameen Decl. ¶ 11, Exh. T).

H. Plaintiff claims to be irreparably harmed by the copying and distribution of its copyrighted material, but two related corporations, one owned by Abufarie and another owned by his brother, appear to be using images created by Zeiadeh's employees for the original Vape Society Supply website. (Supplemental Declaration of Tariq Zeiadeh ("Suppl. Zeiadeh Decl.") ¶¶ 13-15, Exhs. U-W).

By contrast, all signs lead to the conclusion that Zeiadeh will succeed in proving ownership of all of the property at issue:

1. Zeiadeh purchased the domain name for www.vapesocietysupply.com with his own funds, which creates a presumption that it was his separate and individual property. (Cal. Corp. Code § 16204(d); Zeiadeh Decl. ¶ 2, Exhs. A and B).

2. Zeiadeh commissioned the trademark and logo for Vape Society Supply in April of 2015 with his own funds, which which creates a presumption that it was his separate and individual property. (Cal. Corp. Code § 16204(d); Zeiadeh Decl. ¶ 4, Exhs. C and D). By contrast, Abufarie claims that the Vape Society Supply trademark was created in January of 2016. (Abufarie Decl. ¶ 207 ("the VAPE SOCIETY Logo was created by and for Vape Society by a Vape Society employee in or about January 2016, acting in the course of his duties as a Vape Society employee."))

3. Zeiadeh established a bank account with the title "Tariq J Zeiadeh Sole Prop," as well as an employer identification number connected to Zeiadeh's personal social security number. (Zeiadeh Decl. ¶¶ 6, 9, Exhs. G, J). While Zeiadeh has reported profits for his earnings from the year 2015, Abufarie has submitted no evidence that he claimed any profits as a result of his collaboration with Zeiadeh.

4. All employees who have signed "work-for-hire" assignments were employees paid through Mr. Zeiadeh's sole proprietorship bank account, meaning that they

created works for hire for whoever employed them, *i.e.* Zeiadeh. (Zeiadeh Decl. ¶ 6, Exh. F; Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751-752(1989)).

5. Zeiadeh is still listed as the Shopify "Account Owner," even though Abufarie submitted a false claim to ownership of that account. (Suppl. Zeiadeh Decl. ¶ 2, Exh. L). This evidence is also present in Plaintiff's own evidentiary submission. (*See, e.g.,* Exh. 28, showing Mr. Zeiadeh's personal e-mail account as the "Account Owner" as of 3:49 P.M. on October 5, 2016).

6. According to Abufarie, Zeiadeh has always been solely responsible for managing the website, and Abufarie does not include a term requiring Zeiadeh to transfer the website to either the partnership or Plaintiff pursuant to the Oral Partnership Agreement. (Abufarie Decl. ¶ 14(a)).

A. <u>Dawood Does Not Have Access to Any of Plaintiff's Intellectual Property</u>

Defendants A. Nathan Dawood and Dawood and Company have no access to Plaintiff's purported intellectual property, whether in the form of domain names, trademarks, copyrights, or trade secrets. (Dawood Decl. ¶ 4). Instead, Defendants submit this response only because they are named in Plaintiff's Request for Preliminary Injunction.

IV.    **CONCLUSION**

For the reasons set forth above, Plaintiff has not even come close to meeting its burden on this Request for a Preliminary Injunction, and its request should be denied.

Dated: December 19, 2016

Respectfully submitted,
WALTON & WALTON, LLP

By: /s/ Masai McDougall /s/
Masai McDougall
*Attorneys for A. Nathan Dawood*