UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-01971 AG (DFMx) | Date | January 12, 2017 |
|---|---|---|---|
| Title | VAPE SOCIETY SUPPLY CORP. v. TARIQ JIHAD ZEIADEH ET AL. | | |

Present: The Honorable   ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

**Proceedings:**   **[IN CHAMBERS] ORDER GRANTING MOTION TO REMAND AND STRIKING RELATED DOCKET ENTRIES**

This matter is appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b). The Court VACATES the January 23, 2017 hearing.

Vape Society Supply Corp., the plaintiff here, sued Tariq Jihad Zeiadeh and numerous other defendants for alleged copyright and trademark infringement, among other things. (Compl., Dkt. No. 8, PageID 296–301.) With a few hiccups along the way, the case has proceeded. Vape Society filed an application for a temporary restraining order, followed by a request for a preliminary injunction. (*Ex Parte* Appl., Dkt. No. 20, PageID 482.) The Court denied both. (Order, Dkt. No. 41, PageID 1102; Order, Dkt. No. 63, PageID 1741.) The defendants, for their part, have filed oppositions to various motions, and recently filed their own motion to dismiss the case, or, alternatively, for a more definite statement of the claims to relief. (Mot. to Dismiss, Dkt. No. 52, PageID 1376–78.)

And then there's docket entry 19.

On November 22, 2016, Vape Society submitted a document docketed as "Counterclaim Filed as Notice of Removal." Though the procedure is far from clear, it appears that Vape Society is named as a defendant in a purportedly "related" state-court declaratory judgment action. (*See* Orange Cty. Super. Ct. Compl., Dkt. No. 19-1, PageID 391.) And, in Vape Society's view, the claims at issue in that state-court proceeding should have been raised here,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-01971 AG (DFMx) | Date | January 12, 2017 |
|---|---|---|---|
| Title | VAPE SOCIETY SUPPLY CORP. v. TARIQ JIHAD ZEIADEH ET AL. | | |

as "compulsory counterclaims." But rather than dispute the propriety of that second-in-time state-court lawsuit, or attempt to remove the case as a separate-but-related action, Vape Society opted to "remove" the claims in the state-court complaint, and subsume them—within this case—as supposed "counterclaims" under Federal Rule of Civil Procedure 13(a).

No. Proceedings of that sort are unorthodox, if not unheard of.

Removal has always been a creature of statute. *Martin v. Hunter's Lessee*, 14 U.S. 304, 349 (1816). To remove a "*civil action*" from a state court to a federal court, a defendant must file a notice of removal in the federal forum "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders." 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). If "removal jurisdiction" is proper, 28 U.S.C. § 1441, then the *entire action* "proceeds in the federal court as if it had been commenced there," 14C C. Wright & A. Miller, Federal Practice and Procedure § 3729, p. 427–28 (3th ed. 2009). Thereafter, the federal rules governing civil practice apply, Fed. R. Civ. P. 81(c)(1), and under local rule, the parties may submit a notice of related cases. C.D. Cal. L.R. 83-1.3.1.

These authorities—statutes, cases, rules, practice guides, and even common sense—all point to the same conclusion: a state-court defendant may not subsume one case within another through the removal process. Because Vape Society's removal attempt is so obviously wrong, the Court need not reach the parties remaining arguments.

Zeiadeh has filed a motion to remand. Putting aside whether such a motion is the best way to handle this irregular situation, the Court GRANTS the motion to remand, while DENYING the request for fees. (Dkt. No. 51.) The clerk is instructed to strike all docket entries, party appearances, and caption entries related to the irregular removal attempt. (Dkt. Nos. 19, 46.)

|  | : | 0 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01971 AG (DFMx) | Date | January 12, 2017 |
|---|---|---|---|
| Title | VAPE SOCIETY SUPPLY CORP. v. TARIQ JIHAD ZEIADEH ET AL. | | |

| | Initials of Preparer | lmb |
|---|---|---|